Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYATT BULS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DHTLA MOTORS, LLC d/b/a HYUNDAI OF DOWNTOWN LA<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1. Wyatt Buls ("Plaintiff") brings this class action against DHTLA Motors, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**PARTIES**

3. Plaintiff is a natural person.

4. Defendant is a limited liability company that resides in this District.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant resides in this District.

**INTRODUCTION**

7. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

8. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive

telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PLAINTIFF'S ALLEGATIONS

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Plaintiff's telephone number is (402) 577-XXXX.

11. Plaintiff personally listed his telephone number on the National Do-Not-Call Registry on March 5, 2024, and has not removed it from the Registry since that time.

12. Plaintiff uses this telephone number for personal, residential, and household purposes.

13. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this number for business purposes.

14. Despite this, over the last twelve (12) months, Plaintiff has received at least two (2) telephone solicitations on his cellular telephone, (402) 577-XXXX, from, or on behalf of, Defendant.

15. Plaintiff has never been a customer of Defendant and never consented to receive calls or text messages from Defendant.

16. Yet, these calls and text messages were placed for the purpose of advertising Defendant's goods and services to Plaintiff.

17. For example, on April 4, 2024, at 6:54 p.m., Plaintiff received the following text on his cellular telephone, (402) 577-XXXX, from Defendant:

> Hi Socorro, ready to schedule your test drive at Hyundai of Downtown LA?.. Let's find the perfect car!

18. This text came from the phone number (213) 559-1232.

19. On April 7, 2024, at 5:20 p.m., in an attempt to confirm the identity of the company texting him, Plaintiff responded to Defendant requesting the address of the company contacting him.

20. On April 7, 2024, Defendant responded with the following message:

> We're located at 3850 S. Figueroa Street Los Angeles, CA 90037. Let me know your preferred day and time for scheduling an appointment. Or, would you like to be called at your number, 402-577-XXXX, before you schedule an appointment?

21. Plaintiff responded with the following opt-out request on April 7, 2024:

> Thank you, this number has been on the national do not call registry for over 31 days at this point. Do not send any further text messages, phone calls or voicemails from your company to this number. Thank you.

22. Shortly after, Defendant confirmed Plaintiff's opt out request with the following message.

> Understood. We respect your preferences. Should you have any queries in the future, feel free to reach out. We're here to assist you.

23. Despite this, Plaintiff continued to receive telephone solicitations from Defendant.

24. For example, on May 5, 2024, at 3:39 p.m., Plaintiff received the following voicemail on his cellular telephone, (402) 577-XXXX, from Defendant:

> Hi, this is for Socorro. My name is Jesus calling from Hyundai from Los Angeles. If you are still in the market for a Palisade, want to test drive or you're interested in a vehicle or have any questions, you can call or text me at (823) 507-9695. Thank you. Have a great day.

CLASS ACTION COMPLAINT
-4-

25. This voicemail came from the number (323) 507-9695.

26. In another effort to get Defendant's harassing telephone solicitations to stop, Plaintiff sent Defendant a demand letter on May 7, 2024.

27. This letter was sent via FedEx to Hyundai of Downtown Los Angeles at 3850 S Figueroa St., Los Angeles, CA 90037.

28. Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ALLEGATIONS

29. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

31. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

32. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

33.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

34.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

35.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

   a.   whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   b.   whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

   c.   whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36.     **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous

individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

37. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

   a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

   c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

   d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

38. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

39. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

40. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

41. These violations were willful or knowing.

42. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

43. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E. Attorneys' fees and costs, as permitted by law; and

F. Such other or further relief as the Court deems just and proper.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 9th day of April, 2025.

By: /s/ Dana Oliver

Anthony I. Paronich, *Subject to Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-9-