Carly Roman (CA Bar. No. 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
agunem@straussborrelli.com
croman@straussborrelli.com

(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYATT BULS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DHTLA MOTORS, LLC d/b/a HYUNDAI OF DOWNTOWN LA,<br><br>Defendant. | Case No. 2:25-cv-03128<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: July 7, 2025<br>Time: 11:00 AM<br>Location: Courtroom 7D<br>350 West 1st Street<br>Los Angeles, CA |

PLAINTIFF'S JOINT RULE 26(f) REPORT– 1 (Case No. 2:25-cv-03128-DSF-AS)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference, Plaintiff Wyatt Buls ("Plaintiff") and Defendant DHTLA Motors, LLC d/b/a Hyundai of Downtown LA ("Defendant") respectfully submit this Joint Rule 26(f) Report.

**A. Statement of the Case**

**1.     Plaintiff's Statement**

Plaintiff Wyatt Buls brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against DHTLA Motors, LLC d/b/a Hyundai of Downtown LA. Plaintiff alleges that Defendant initiated unsolicited telemarketing calls and text messages to his cell phone number, which was listed on the National Do Not Call Registry, without prior express consent. Plaintiff seeks statutory damages, injunctive relief, and class certification on behalf of individuals who received similar communications from or on behalf of Defendant.

The Plaintiff agrees that this is a straightforward case and there are seemingly undisputed material facts: he never had a relationship with the Defendant and didn't ask for or want their advertising. He does not know who "Socorro" is and never submitted an inquiry to the Defendant. The Defendant avers that it's possible that someone set this all up to manufacture a TCPA case – a serious allegation, but one that has no truth, which discovery will reveal. As the Plaintiff will explain in response to any motion filed by the Defendant, the United States Supreme Court disagrees that a text message is not a "call".

Finally, the Defendant's policies and procedures were apparently insufficient

to not contact the Plaintiff after he asked to not be contacted. In any event, the parties will conduct discovery on this issue as well.

2.  **Defendant's Statement**

The facts of this case are simple. Defendant received a consumer inquiry in early April 2024 from an individual identifying himself as "Socorro," and responded by text message to the telephone number provided. An unnamed individual responded by text from that number asking where Defendant was located, and then asked not be contacted further. Pursuant to its policies and procedures in place, Defendant placed the number in question on its do-not-contact list. Approximately a month later, however, Defendant received a new inquiry from "Socorro" asking to be contacted again at that telephone number, and Defendant left a single voicemail in response to that new inquiry on May 5, 2024. Plaintiff then sent a demand letter to Defendant on May 7, 2024, for the first time identifying himself as Wyatt Buls. Defendant again placed the telephone number at issue on its do-not-contact – this time permanently.

Whether someone submitted these separate inquiries with Plaintiff's apparent telephone number to set up a TCPA claim, or it was an honest mistake, these individualized facts should never have launched a putative class action. More to the point here, however, these facts do not properly give rise to an *individual* TCPA DNC claim. The private right of action authorized in Subsection (c) of the TCPA is limited by its plain language to (1) "a person who has received **more than one telephone call**" within any 12-month period," and (2) "in violation of the regulations prescribed under this subsection," which only contemplate regulations the Federal

Communications Commissions adopted in a specific rulemaking proceeding concluded in 1992. 47 U.S.C. § 227(c)(5) (emphasis added). Here, Plaintiff has admittedly only received *one call* from Defendant, and the FCC's decision to incorporate texting to its DNC regulations in 2023 does not change the limited private right of action authorized by Congress.

Finally and independently, Defendant has "established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection," which will permit Defendant to avail itself of the Congressionally-authorized affirmative defense to DNC claims, even if Plaintiff had statutory standing, which he does not.

**B. Subject Matter Jurisdiction & Personal Jurisdiction**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the Telephone Consumer Protection Act, a federal statute. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the events giving rise to the claims occurred here.

**C. Legal Issues**

The legal issues expected to be in dispute include:

- Whether Defendant placed telephone solicitations to numbers listed on the National Do Not Call Registry in violation of the TCPA and its implementing regulations (47 C.F.R. § 64.1200(c)).
- Whether Defendant had prior express invitation or permission to contact

Plaintiff or putative class members.

- Whether Defendant's conduct was willful or knowing, such that treble damages under 47 U.S.C. § 227(c)(5) are appropriate.
- Whether Plaintiff and the proposed class are entitled to injunctive relief.
- Whether the requirements of Federal Rule of Civil Procedure 23 are satisfied for class certification.
- Whether Plaintiff has statutory standing.
- Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.

**D. Parties, Evidence, Etc.**

**Parties**:

*Plaintiff:* Wyatt Buls, a consumer who alleges receipt of unsolicited calls from Defendant while his number was registered on the National Do Not Call Registry.

*Defendant:* DHTLA Motors, LLC d/b/a Hyundai of Downtown LA, a vehicle dealership based in Los Angeles, California.

**Key Evidence May Include**:

- Call and text records from Plaintiff's cellular service provider.
- Plaintiff's Do Not Call Registry registration and confirmation.
- Call and text records from Defendant and/or its agents.
- Internal documents reflecting Defendant's telemarketing practices.

- Defendant's policies and procedures regarding consent and DNC compliance.
- Testimony from Plaintiff, Defendant's employees, and any third-party vendors involved in the marketing campaign.
- Plaintiff's Internet browsing history concerning whether he submitted any inquiries for information related to vehicles sold by Defendant.

### E. Damages

Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 227(c)(5), which provides for up to $500 per violation and up to $1,500 per willful or knowing violation. Plaintiff also seeks injunctive relief to prevent further violations of the TCPA. At this stage, Plaintiff does not claim actual damages but reserves the right to seek additional equitable relief if warranted.

### F. Insurance

*Plaintiff:* Plaintiff has no relevant insurance.

*Defendant:* Defendant has not identified any relevant insurance.

### G. Motions

Plaintiffs anticipate filing a motion for class certification consistent with any schedule entered by the Court. A proposed briefing schedule is set forth below. Additionally, after an order on Plaintiffs' Motion for Class Certification, Plaintiffs anticipate filing a motion for summary judgment or partial summary judgment.

**1. Plaintiff's Proposed Briefing Schedule for Motion to Class Certification:**

- Motions for class certification and Plaintiff's disclosure of class

certification expert reports/summaries by November 4, 2025.

- Opposition to class certification and Defendant's disclosure of class certification expert reports/summaries January 6, 2026
- Plaintiff to file any replies by March 10, 2026
- Deadlines for filing *Daubert* motions for class certification experts:
    - Motions by March 10, 2026
    - Oppositions by March 31, 2026
    - Replies by April 21, 2026
- Proposed Hearing Date: Monday, May 11, 2026

2. **Defendant's Motions for Judgment on the Pleadings and Summary Judgment:**

Defendant contends that whether Plaintiff has statutory standing under Subsection (c) of the TCPA under the facts alleged is a discrete legal issue that can and should be resolved prior to class certification discovery and briefing. Accordingly, Defendant proposes that discovery be stayed while the parties brief this legal issue, as follows:

- Motion by July 18, 2025
- Opposition by August 8, 2025
- Reply by August 22, 2025
- Proposed Hearing Date: Monday, September 8, 2025.

The Plaintiff opposes staying discovery as the Ninth Circuit has already held that an unwanted text message is sufficient standing to pursue a TCPA claim. See *Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037 (9th Cir. 2017).

To the extent necessary, Defendant anticipates filing a motion for summary judgment concerning its compliance with the TCPA and its practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under Subsection (c) of the TCPA. Defendant's position is that this is a Congressionally-authorized affirmative defense that would bar Plaintiff's individual claim, as well as those of the putative class. Defendant proposes the same briefing schedule as Plaintiff's anticipated Motion for class certification.

**H. Manual for Complex Litigation**

This class action is complex and involves claims on behalf of a putative nationwide class of consumers. The parties agree that relevant provisions from the Manual for Complex Litigation should be consulted as the case progresses. However, at this time, the parties do not believe reference to any particular portions of the Manual for Complex Litigation is appropriate or necessary.

**I. Status of Discovery**

The Parties have agreed to exchange Rule 26(a)(1) disclosures within 14 days (June 20, 2025). Plaintiff served discovery requests on Defendant following the Parties' Rule 26(f) conference.

**J. Discovery Plan**

**3. Anticipated Discovery**

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other

communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendants, their third- party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendants' policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by the Defendants, and Defendants' responses thereto.

Defendant anticipates seeking information including but not limited to (1) Plaintiff's telephone records and DNC registry history, (2) his Internet browsing history related to any inquiries submitted concerning a vehicle in or around the March-to-May 2024 time period, and (3) any communications concerning Defendant and/or related to the inquiries received by Defendant.

Consistent with the below proposed discovery plan, the Parties anticipate completing all discovery by May 5, 2026.

The Parties do not propose any changes to the disclosures required under Rule 26(a)(1).

The Parties anticipate that the primary subject of discovery will be those identified above.

**4. ESI**

Electronic documents shall be produced in the form of multi-page, color, bates-numbered PDF images together with load files. All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and

photographic files, including any such files attached to emails, shall be produced in native format, if available.  The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- EndDocID
- Document Type
- Attach DocIds
- ParentDocId
- Author
- Filename
- Date Created
- Date Modified
- Md5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC
- BCC

PLAINTIFF'S JOINT REQUEST TO APPEAR REMOTELY FOR THE SCHEDULING CONFERENCE – 10 (Case No. 2:25-cv-03128-DSF-AS)

- File Source Location/File Path
- Native Link
- Text Path

Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images together with load files, and only the following metadata fields: DocID, BegDocID, and EndDocID fields.

The parties have agreed to meet and confer on a proposed ESI order and anticipate filing a stipulated ESI protocol order for the Court's consideration and approval by August 27, 2025.

**5. Protective Order**

The parties have agreed to meet and confer on a proposed protective order and anticipate filing a stipulated protective order for the Court's consideration and approval by June 27, 2025.

**K. Dispositive Motions**

After an order on Plaintiffs' Motion for Class Certification, Plaintiffs anticipate filing a motion for summary judgment or partial summary judgment. Plaintiffs propose the deadline date for filing or hearing dispositive motions be deferred until after the Court issues an order on Plaintiffs' Motion for Class Certification.

Defendant anticipates filing dispositive motions consistent with its proposed briefing schedule set forth in Section G above.

**L. Settlement**

The parties have not yet engaged in settlement discussions, as Plaintiff intends to serve discovery to obtain information necessary to evaluate the potential class size. The parties jointly select ADR Procedure No. 3 (private mediation) to be conducted at an appropriate time following the exchange of sufficient information to facilitate meaningful settlement discussions.

**M. Consent to a Magistrate Judge**

The parties have not consented to the Magistrate Judge in this action.

**N. Trial Estimate**

The parties anticipate a 2-3 day jury trial. If the matter is certified as a class action, the trial is expected to last approximately 5 to 6 days. In the event the jury finds facts establishing liability, the parties anticipate a 1-day bench trial on the issues of knowledge and willfulness.

Plaintiff anticipates calling 5 to 8 witnesses.

Defendant anticipates calling 4-6 witnesses.

**O. Trial Counsel**

*For Plaintiff:* Anthony I. Paronich Carly M. Roman and potentially other members of Plaintiffs' counsel.

*For Defendant:* Adam Bowser and Adjoa M. Anim-Appiah.

**P. Independent Expert or Master**

At this time, the Parties do not believe that the appointment of an Independent Expert is necessary in this action

**Q. Timetable**

The requested Schedule of Pretrial and Trial Dates is attached.

**R. Other Issues**

None at this time.

CASE NAME: *Wyatt Buls V. DHTLA Motors LLC*

CASE NUMBER: 2:25-cv-03128-DSF-AS

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___ days) **(Tuesday)** | 8:30 am | | Tuesday, April 6, 2026 | Same in all respects | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00pm | 4 | Monday, March 8, 2026 | | |
| Trial Documents (Set Two) **All Trials:** Lodge Pretrial Conference Order, LR 16- 7; File Oppositions to Motions in Limine **Jury Trial Only**: File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | February 24, 2026 | | |
| Trial Documents (Set One) **All Trials:** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only**: Lodge Findings of Fact and Conclusions of Law, LR 52; File Summaries of Direct Testimony (optional) | | 7 | February 17, 2026 | | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | January 13, 2026 | | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | Monday December 28, 2025 | | |
| Non-expert Discovery Cut-off | | 21+ | May 26, 2025 | | |
| Expert Disclosure (initial) | | | March 10, 2025 | | |
| Expert Disclosure (rebuttal) | | | April 7, 2025 | | |
| Expert Discovery Cut-off | | 21+ | May 5, 2025 | | |
| Last day to **hear** motion to amend pleadings or add parties **(Monday)** | | 32+ | August 18, 2025 | | |

LR 16-15 ADR Choice:   ☐ 1. USMJ                    ☒ 3. Outside ADR

☐ 2. Attorney Settlement Panel

PLAINTIFF'S JOINT REQUEST TO APPEAR REMOTELY FOR THE SCHEDULING CONFERENCE – 14 (Case No. 2:25-cv-03128-DSF-AS)

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7-3, counsel for Plaintiff certify that they conferred with counsel for on June 4, 2025.

Date:   June 11, 2025

Respectfully Submitted,

*/s/Carly Roman*
Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
raina@straussborrelli.com
agunem@straussborrelli.com

*/s/ Dana J. Oliver, Esq.*
CA Bar. No. 291082
**OLIVER LAW CENTER, INC.**
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: 855-384-3262
Facsimile: 888-570-2021

*/s/ Anthony I. Paronich*
Anthony I. Paronich (*pro hac vice forthcoming*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: 617-738-7080
Facsimile: 617-830-0327

Date:   June 11, 2025

Respectfully Submitted,

*/s/ Adam Bowser*
Adam Bowser
John D. Bronstein
Adjoa M. Anim-Appiah
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: 213-629-7401
John.bronstein@afslaw.com
Adam.bowser@afslaw.com

PLAINTIFF'S JOINT REQUEST TO APPEAR REMOTELY FOR THE SCHEDULING CONFERENCE – 15 (Case No. 2:25-cv-03128-DSF-AS)

1 | *Counsel for Plaintiff Buls*

# CERTIFICATE OF SERVICE

I, Carly Roman, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 11th day of June, 2025.

By: */s/ Carly Roman*
Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com

*Counsel for Plaintiff Buls*