Carly Roman (CA Bar. No. 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com

(Additional Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYATT BULS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DHTLA MOTORS, LLC d/b/a HYUNDAI OF DOWNTOWN LA,<br><br>Defendant. | Case No. 2:25-cv-03128<br><br>**REVISED JOINT RULE 26(f) REPORT** |

PARTIES' REVISED JOINT RULE 26(f) REPORT– 1 (Case No. 2:25-cv-03128-DSF-AS)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference, Plaintiff Wyatt Buls ("Plaintiff") and Defendant DHTLA Motors, LLC d/b/a Hyundai of Downtown LA ("Defendant") respectfully submit this Joint Rule 26(f) Report.

**1. Joint Rule 26(f) Report.**

    **a. Statement of the Case:**

**Plaintiff's Statement**: Plaintiff Wyatt Buls brings this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), against DHTLA Motors, LLC d/b/a Hyundai of Downtown LA. Plaintiff alleges that Defendant initiated unsolicited telemarketing calls and text messages to his cell phone number, which was listed on the National Do Not Call Registry, without prior express consent. Plaintiff seeks statutory damages, injunctive relief, and class certification on behalf of individuals who received similar communications from or on behalf of Defendant.

    The Plaintiff agrees that this is a straightforward case and there are seemingly undisputed material facts: he never had a relationship with the Defendant and didn't ask for or want their advertising. He does not know who "Socorro" is and never submitted an inquiry to the Defendant. The Defendant avers that it's possible that someone set this all up to manufacture a TCPA case – a serious allegation, but one that has no truth, which discovery will reveal. As the Plaintiff will explain in response to any motion filed by the Defendant, the United States Supreme Court disagrees that a text message is not a "call".

    Finally, the Defendant's policies and procedures were apparently insufficient

to not contact the Plaintiff after he asked not to be contacted. In any event, the parties will conduct discovery on this issue as well.

**Defendant's Statement:** The facts of this case are simple. Defendant received a consumer inquiry in early April 2024 from an individual identifying himself as "Socorro," and responded by text message to the telephone number provided. An unnamed individual responded by text from that number asking where Defendant was located, and then asked not be contacted further. Pursuant to its policies and procedures in place, Defendant placed the number in question on its do-not-contact list. Approximately a month later, however, Defendant received a new inquiry from "Socorro" asking to be contacted again at that telephone number, and Defendant left a single voicemail in response to that new inquiry on May 5, 2024. Plaintiff then sent a demand letter to Defendant on May 7, 2024, for the first time identifying himself as Wyatt Buls. Defendant again placed the telephone number at issue on its do-not-contact – this time permanently.

Whether someone submitted these separate inquiries with Plaintiff's apparent telephone number to set up a TCPA claim, or it was an honest mistake, these individualized facts should never have launched a putative class action. More to the point here, however, these facts do not properly give rise to an *individual* TCPA DNC claim. The private right of action authorized in Subsection (c) of the TCPA is limited by its plain language to (1) "a person who has received **more than one telephone call** within any 12-month period," and (2) "in violation of the regulations prescribed under this subsection," which only contemplate regulations the Federal Communications Commissions adopted in a specific rulemaking

proceeding concluded in 1992. 47 U.S.C. § 227(c)(5) (emphasis added). Here, Plaintiff has admittedly only received *one call* from Defendant, and the FCC's decision to incorporate texting to its DNC regulations in 2023 does not change the limited private right of action authorized by Congress.

Finally and independently, Defendant has "established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection," which will permit Defendant to avail itself of the Congressionally-authorized affirmative defense to DNC claims, even if Plaintiff had statutory standing, which he does not.

**b. Subject Matter Jurisdiction:**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the Telephone Consumer Protection Act, a federal statute. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the events giving rise to the claims occurred here.

**c. Legal Issues:**

The legal issues expected to be in dispute include:

- Whether Defendant placed telephone solicitations to numbers listed on the National Do Not Call Registry in violation of the TCPA and its implementing regulations (47 C.F.R. § 64.1200(c)).

- Whether Defendant had prior express invitation or permission to contact Plaintiff or putative class members.

- Whether Defendant's conduct was willful or knowing, such that treble damages under 47 U.S.C. § 227(c)(5) are appropriate.
- Whether Plaintiff and the proposed class are entitled to injunctive relief.
- Whether the requirements of Federal Rule of Civil Procedure 23 are satisfied for class certification.
- Whether Plaintiff has statutory standing.
- Whether Defendant has established and implemented, with due care, reasonable practices, and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection.

    d. **Parties, Evidence, etc.:**

**Parties**:

    *Plaintiff:* Wyatt Buls, a consumer who alleges receipt of unsolicited calls from Defendant while his number was registered on the National Do Not Call Registry.

    *Defendant:* DHTLA Motors, LLC d/b/a Hyundai of Downtown LA, a vehicle dealership based in Los Angeles, California.

**Percipient Witnesses**: As discovery is still in its early stages, the parties are not yet in a position to create a complete list of all percipient witnesses. Accordingly, the following is necessarily preliminary and the parties reserve the right to later assert applicable privileges and supplement these disclosures.

| PLAINTIFF'S PERCIPIENT WITNESS LIST ||| 
|---|---|---|
| **NAME** | **CONTACT INFORMATION** | **SUBJECT OF KNOWLEDGE** |
| Wyatt Buls | Contact through Plaintiff's counsel | Mr. Buls has knowledge of the facts and circumstances surrounding communications from or on behalf of Defendant, including the receipt of calls. |
| As yet unidentified employees or vendors of Defendant | Contact through Defendant's counsel | Defendant's policies and procedures for initiating calls through third parties, making its own telemarketing calls and training employees; selection, compensation, and retention of outside vendors and/or agents; number of telemarketing calls made; policies and procedures for complying with the TCPA; presence, absence, and/or formation of policies to comply with the TCPA. |
| All other persons identified by Defendant | To be determined | Unknown at this time. |

| DEFENDANT'S PERCIPIENT WITNESS LIST |||
|---|---|---|
| **NAME** | **CONTACT INFORMATION** | **SUBJECT OF KNOWLEDGE** |
| Wyatt Buls | Contact through Plaintiff's counsel | Mr. Buls has knowledge of the facts and circumstances surrounding communications from or on behalf of Defendant, including the alleged receipt of a text message and one voicemail. |

PARTIES' REVISED JOINT RULE 26(f) REPORT– 6 (Case No. 2:25-cv-03128-DSF-AS)

| | | |
|---|---|---|
| Cooper Mugg, Defendant's General Manager | Contact through Defendant's counsel | Defendant's policies and procedures for responding to inquiries submitted by customers and potential customers, Defendant's training of employees that contact individuals by telephone calls or text messages, including policies and procedures for complying with the TCPA; the inquiries received by Defendant that prompted Defendant to respond by text message and one phone call to the telephone number provided by an individual identifying himself as "Socorro." |
| "Socorro" | To be determined | The individual identifying himself as "Socorro" and who requested to be contacted multiple times at the telephone number Plaintiff alleges to be assigned to him. |
| All other persons identified by Plaintiff | To be determined | Unknown at this time. |

**Key Evidence May Include**:

- Call and text records from Plaintiff's cellular service provider.

- Plaintiff's Do Not Call Registry registration and confirmation.

- Call and text records from Defendant and/or its agents.

- Internal documents reflecting Defendant's telemarketing practices.

- Defendant's policies and procedures regarding consent and DNC compliance.

- Testimony from Plaintiff, Defendant's employees, and any third-party

PARTIES' REVISED JOINT RULE 26(f) REPORT– 7 (Case No. 2:25-cv-03128-DSF-AS)

vendors involved in the marketing campaign.

- Plaintiff's Internet browsing history concerning whether he submitted any inquiries for information related to vehicles sold by Defendant.

**Pursuant to the Court's scheduling order, Defendant identifies the following subsidiaries, parents, and affiliates**:

None.

    **e. Realistic Range of Damages**:

Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 227(c)(5), which provides for up to $500 per violation and up to $1,500 per willful or knowing violation. Plaintiff also seeks injunctive relief to prevent further violations of the TCPA. At this stage, Plaintiff does not claim actual damages but reserves the right to seek additional equitable relief if warranted.

    **f. Insurance**:

    *Plaintiff:* Plaintiff has no relevant insurance.

    *Defendant:* Defendant has not identified any relevant insurance.

    **g. Anticipated Motions:**

At this time, Plaintiff does not anticipate seeking to add other parties or claims. Plaintiff does not anticipate filing an amended pleading except to the extent that discovery or Court orders necessitate an amendment to the class definition or class representative. Plaintiff does not anticipate any motions to transfer venue.

At this time, Defendant does not anticipate seeking to add other parties or claims. Defendant does not anticipate filing an amended pleading except to the extent that discovery or Court orders necessitate an amendment. Defendant does

not anticipate any motions to transfer venue.

**Motion for Class Certification**

Plaintiff anticipates filing a motion for class certification. *See* Section S below for the proposed timeline and briefing schedule.

**Defendant's Motions for Judgment on the Pleadings and Summary Judgment**

Defendant contends that whether Plaintiff has statutory standing under Subsection (c) of the TCPA under the facts alleged is a discrete legal issue that can and should be resolved prior to class certification discovery and briefing. Accordingly, Defendant proposes that discovery be stayed while the parties brief this legal issue, as follows:

- Motion by July 18, 2025
- Opposition by August 8, 2025
- Reply by August 22, 2025
- Proposed Hearing Date: Monday, September 15, 2025.

The Plaintiff opposes staying discovery as the Ninth Circuit has already held that an unwanted text message is sufficient standing to pursue a TCPA claim. *See* Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037 (9th Cir. 2017).

**Defendant's Motion for Summary Judgment**

To the extent necessary, Defendant anticipates filing a motion for summary judgment concerning its compliance with the TCPA and its practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under Subsection (c) of the TCPA after the close of fact discovery. Defendant's position is that this is a Congressionally-authorized

affirmative defense that would bar Plaintiff's individual claim, as well as those of the putative class. Defendant proposes the same briefing schedule as Plaintiff's anticipated Motion for class certification.

The Parties agree that to the extent Defendant files a motion for summary judgment, Plaintiff will have three weeks to file any opposition, and Defendant will have two weeks to file its reply.

**h. Status of Discovery:**

The Parties have agreed to exchange Rule 26(a)(1) disclosures within 14 days (June 20, 2025). Plaintiff will serve discovery requests on Defendant following the Parties' Rule 26(f) conference. The Parties understand that the Court encourages counsel to begin conducting discovery actively prior to the scheduling conference and to comply fully with both the letter and spirit of Rule 26(a). In that regard, the Parties confirm the following:

- The Parties have agreed to serve their initial disclosures pursuant to Rule 26(a)(1) by **June 20, 2025**, and anticipate these disclosures will include the key categories of documents and information typically exchanged in the early stages of discovery.

- The Parties have further agreed to begin exchanging informal discovery in advance of formal written requests, including core documents relevant to class certification and liability, such as data concerning the scope and nature of the alleged breach, class size, and relevant policies and procedures in effect at the time of the incident.

- Both sides are committed to engaging in meaningful, good-faith

discovery prior to the scheduling conference so as to position the case for efficient resolution in accordance with the Court's anticipated deadlines.

- The Parties intend to continue these efforts and work cooperatively to avoid unnecessary disputes and delays.

**i. Discovery Plan:**

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendants, their third- party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendants' policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by the Defendants, and Defendants' responses thereto.

Defendant anticipates seeking information including but not limited to (1) Plaintiff's telephone records and DNC registry history, (2) his Internet browsing history related to any inquiries submitted concerning a vehicle in or around the March-to-May 2024 time period, and (3) any communications concerning Defendant and/or related to the inquiries received by Defendant.

Consistent with the below proposed discovery timetable, the Parties

anticipate completing all discovery, —including the resolution of any discovery motions hearings—by **January 11, 2027**. The Parties propose a non-expert discovery cut-off of **September 15, 2026**, and an expert discovery cut-off of **November 17, 2026**.

The Parties do not propose any changes to the disclosures required under Rule 26(a)(1).

The Parties anticipate that the primary subject of discovery will be those identified above.

**Plaintiff Anticipated Deponents:** At this stage, Plaintiff anticipates deposing one or more corporate representatives of Defendant pursuant to Rule 30(b)(6), as well as any individuals identified by Defendant as having knowledge of relevant policies, procedures, or communications. Plaintiff may also depose third parties involved in the transmission of the calls at issue, and reserves the right to identify additional deponents as discovery progresses.

Plaintiff anticipates that depositions will begin following substantial completion of document production and will be completed by the close of fact discovery, subject to availability and scheduling. Specific dates will be determined once the parties have exchanged initial disclosures and completed early written discovery.

**Defendant Anticipated Deponents:** At this stage, Defendant anticipates deposing Plaintiff. Defendant may also depose third parties, if any, involved in submitting inquiries requesting information and asking to be contacted at the telephone number alleged by Plaintiff to be assigned to him.

Defendant anticipates that depositions will begin following substantial completion of document production and will be completed by the close of fact discovery, subject to availability and scheduling. Specific dates will be determined once the parties have exchanged initial disclosures and completed early written discovery.

**j. Discovery Cutoff:**

Consistent with the below proposed discovery timetable, the Parties anticipate completing all discovery —including the resolution of any discovery motions hearings—by **January 11, 2027**. The Parties propose a non-expert discovery cut-off of **September 15, 2026**, and an expert discovery cut-off of **November 17, 2026**.

**k. Expert Discovery:**

Expert witnesses are anticipated in connection with Plaintiff's forthcoming motion for class certification, as set forth in Section S below, and may also be necessary on the merits and for damages. For merits and damages experts, the Parties propose the following schedule for disclosures under Rule 26(a)(2):

- Initial expert disclosures: **October 6, 2026**
- Rebuttal expert disclosures: **October 27, 2026**
- Expert discovery cut-off: **November 17, 2026**

These deadlines are intended to ensure that expert discovery is completed in sufficient time to allow for the preparation and filing of dispositive motions without requiring an extension under Rule 56(d).

**l. Dispositive Motions:**

**Plaintiff's Position:** Plaintiff does not currently anticipate filing a dispositive motion but reserves the right to do so as discovery progresses. Plaintiff expects that factual disputes will likely preclude summary judgment on key issues. Accordingly, Plaintiff does not believe the case is suitable for full resolution by dispositive motion. Plaintiff proposes the deadline date for filing or hearing dispositive motions be deferred until after the Court issues an order on Plaintiffs' Motion for Class Certification to avoid any one-way intervention issues.

**Defendant's Position:** Defendant anticipates filing dispositive motions consistent with its proposed briefing schedule set forth in Section G above.

### m. Settlement/Alternative Dispute Resolution (ADR):

The parties have not yet engaged in settlement discussions, as Plaintiff intends to serve discovery to obtain information necessary to evaluate the potential class size. The parties jointly select **ADR Procedure No. 3 (private mediation)** to be conducted at an appropriate time following the exchange of sufficient information to facilitate meaningful settlement discussions. The Parties have proposed **March 3, 2027** in the below discovery timetable.

### n. Trial Estimate:

The parties anticipate a 2-3 day jury trial. If the matter is certified as a class action, the trial is expected to last approximately 5 to 6 days. In the event the jury finds facts establishing liability, the parties anticipate a 1-day bench trial on the issues of knowledge and willfulness.

- Plaintiff anticipates calling 5 to 8 witnesses.
- Defendant anticipates calling 4-6 witnesses.

    **o. Lead Trial Counsel:**

        *For Plaintiff:* Carly Roman.

        *For Defendant:* Adam Bowser.

    **p. Independent Expert or Master:**

At this time, the Parties do not believe that the appointment of an Independent Expert is necessary in this action.

    **q. Timetable:**

The requested Schedule of Pretrial and Trial Dates is attached.

    **r. Magistrate Judge:**

The Parties do not unanimously consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636. Accordingly, the Parties do not consent to have a magistrate judge preside over all proceedings, including jury trial.

    **s. Class Actions:**

Plaintiff anticipates filing a motion for class certification consistent with any schedule entered by the Court. A joint proposed briefing schedule is set forth below.

- Motions for class certification and Plaintiff's disclosure of class certification expert reports/summaries by **November 4, 2025**.
- Opposition to class certification and Defendant's disclosure of class certification expert reports/summaries **January 5, 2026**.
- Plaintiff to file any replies by **March 6, 2026**.
- Deadlines for filing *Daubert* motions for class certification experts: Motions by **March 6, 2026**

    Oppositions by **March 27, 2026**

    Replies by **April 17, 2026**

- Proposed Hearing Date: **Monday, May 11, 2026**

**t. Other Issues:**

The parties are not aware of any other issues affecting the status or management of the case at this time. The parties reserve the right to amend this disclosure.

PARTIES' REVISED JOINT RULE 26(f) REPORT– 16 (Case No. 2:25-cv-03128-DSF-AS)

CASE NAME: Wyatt Buls V. DHTLA Motors LLC

CASE NUMBER: 2:25-cv-03128-DSF-AS

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___ days) **(Tuesday)** | 8:30 am | | 04/20/2027 | Same in all respects | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine **(Monday)** | 3:00pm | 4 | 03/29/2027 | | |
| <u>Trial Documents (Set Two)</u> **All Trials:** Lodge Pretrial Conference Order, LR 16- 7; File Oppositions to Motions in Limine **Jury Trial Only**: File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | 03/09/2027 | | |
| <u>Trial Documents (Set One)</u> **All Trials:** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only**: Lodge Findings of Fact and Conclusions of Law, LR 52; File Summaries of Direct Testimony (optional) | | 7 | 03/02/2027 | | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | 01/26/2027 | | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | 01/11/2027 | | |
| Non-expert Discovery Cut-off | | 21+ | 09/15/2026 | | |
| Expert Disclosure (initial) | | | 10/06/2026 | | |
| Expert Disclosure (rebuttal) | | | 10/27/2026 | | |
| Expert Discovery Cut-off | | 21+ | 11/17/2026 | | |
| Last day to **hear** motion to amend pleadings or add parties **(Monday)** | | 32+ | 8/17/26 | | |

LR 16-15 ADR Choice:   ☐ 1. USMJ          ☒ 3. Outside ADR

☐ 2. Attorney Settlement Panel

PARTIES' REVISED JOINT RULE 26(f) REPORT– 17 (Case No. 2:25-cv-03128-DSF-AS)

# CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7-3, counsel for Plaintiff certifies that they conferred with counsel for on June 4, 2025.

Date: June 18, 2025

Respectfully Submitted,

/s/Carly Roman
Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
raina@straussborrelli.com
agunem@straussborrelli.com

/s/ Dana J. Oliver, Esq.
CA Bar. No. 291082
**OLIVER LAW CENTER, INC.**
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: 855-384-3262
Facsimile: 888-570-2021

/s/ Anthony I. Paronich
Anthony I. Paronich (*pro hac vice forthcoming*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: 617-738-7080
Facsimile: 617-830-0327

*Counsel for Plaintiff Buls*

Date: June 18, 2025

Respectfully Submitted,

/s/ Adam Bowser
Adam Bowser
John D. Bronstein
Adjoa M. Anim-Appiah
**ARENTFOX SCHIFF LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: 213-629-7401
John.bronstein@afslaw.com
Adam.bowser@afslaw.com

PARTIES' REVISED JOINT RULE 26(f) REPORT– 18 (Case No. 2:25-cv-03128-DSF-AS)

# CERTIFICATE OF SERVICE

I, Carly Roman, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 18th day of June, 2025.

By: */s/ Carly Roman*
Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com

*Counsel for Plaintiff Buls*