Carly Roman (CA Bar. No. 349895)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
croman@straussborrelli.com

*(Additional Counsel Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION AT LOS ANEGELES**

**WYATT BULS**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**DHTLA MOTORS, LLC** d/b/a **HYUNDAI OF DOWNTOWN LA**,

Defendant.

Case No. 2:25-cv-03128-DSF-AS

Honorable Magistrate Judge Alka Sagar

**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL CALLING DATA PURSUANT TO LR 37-2**

Date: Thursday, November 5, 2026
Time: 10:00 a.m.
Location: Courtroom 540
Discovery Cutoff: December 15, 2026
Pretrial Conference: March 29, 2027
Trial: April 20, 2027

**INTRODUCTORY STATEMENT**

This Joint Stipulation arises from months of delay concerning a central discovery request seeking the call detail records for Defendant's outbound telemarketing calls during the class period. Defendant repeatedly promised to produce these materials, but has failed to do so for months. Given Defendant's repeated delays and the central importance of these records to Plaintiff's claims and

class-certification analysis, Plaintiff respectfully requests that the Court order Defendant to produce all documents responsive to Request for Production No. 1 by a date certain.

This is a putative class action under the Telephone Consumer Protection Act arising from Defendant's systematic practice of placing telemarketing calls and sending unsolicited telemarketing texts to telephone numbers listed on the National Do-Not-Call Registry without prior express written consent. Plaintiff alleges that, despite his personal cellular telephone number being listed on the National Do-Not-Call Registry and used solely for personal purposes, he received multiple promotional text messages and voicemail solicitations from Defendant advertising its vehicles and services, including after he explicitly demanded that all such communications cease and after Defendant affirmatively acknowledged it would honor that request. Plaintiff brings this action on behalf of a nationwide class of individuals whose numbers were on the National Do-Not-Call Registry for at least 31 days but who nevertheless received more than one telemarketing call from or on behalf of Defendant within a 12-month period during the class timeframe.

Plaintiff served its First Set of Discovery Requests on June 8, 2025. Defendant served responses on August 15, 2025. After multiple meet-and-confer efforts, Defendant served further responses to that first set on January 5, 2026. On December 2, 2025, Plaintiff served a Second Set of Discovery Requests consisting of only two requests: Request for Production No. 1 seeking the call detail records for each outbound telemarketing call during the putative class period, and Request for Production No. 2 seeking all documents evidencing written consent to place those calls. On January 8, 2026, Defendant served objections to both requests and produced no documents, but stated it was willing to meet and confer. Plaintiff requested a conference, which occurred on January 26, 2026. During that conference, Defendant agreed to produce the calling records and asked Plaintiff to defer seeking consent-related materials until an expert could analyze those records

to estimate the size of the putative class. Plaintiff agreed to proceed in that order. What followed were repeated assurances, missed deadlines, and no production.

On February 2, 2026, Defendant represented it would "get back" to Plaintiff before the end of the week. No production occurred. Plaintiff followed up on February 10, 2026, and Defendant responded the following day that it was still attempting to obtain the information and would provide it "as soon as possible." Plaintiff followed up again on February 20, 2026, and received no response. On March 1, 2026, Plaintiff advised that the Parties needed either a production plan or confirmation of impasse. On March 2, 2026, Defendant affirmatively represented it would produce the requested information. After still receiving nothing, Plaintiff requested a firm production timeline on March 11, 2026. The following day, Defendant claimed it was working to obtain the information and would provide a more concrete timeline the following week. No timeline or documents were provided. On March 28, 2026, Plaintiff advised that Defendant had promised an update the prior week but provided none, and warned that absent a production timeline Plaintiff would prepare a discovery dispute stipulation and seek fees. On March 30, 2026, Defendant acknowledged its delays in obtaining materials from vendors and stated it had been aiming to produce the information by April 1, 2026, further recognizing Plaintiff would "do what you need to do" if production did not occur. It did not produce the promised materials.

On April 6, Plaintiff again advised that it still had not received the information. Defendant replied the same day: "You haven't received the information because we do not have it. We are working with the lead providers to get the information and, unfortunately, this is taking longer than anticipated." Plaintiff requested production that week on April 7, 2026. Defendant did not respond. Given Defendant's repeated assurances that the data would be produced—and its repeated failures to do so—Plaintiff sent a letter on May 6, 2026 requesting a conference and providing a draft Joint Stipulation in anticipation of filing this

motion to compel.

In May, Defendant continued to represent that it was working to obtain records from its vendors and would produce them, and requested that a protective order be entered prior to its production. On May 22, after the stipulated protective order was entered, Plaintiff again requested the outstanding production. Defendant then produced some documents, but did not produce the requested call records.

The parties continued to meet and confer in June and July regarding what records Defendant possessed or could obtain. During their call on June 11, 2026, Defendant represented that it was still determining what information the dealership maintained and attempting to obtain additional information from vendors. On July 1, 2026, Plaintiff again requested a timeline for production. Defendant responded it was still working with its client to determine, what, if any, additional information it had and could provide.

By July 9, 2026, Defendant's counsel indicated that it would supplement its discovery responses and produce records, *potentially* including a sampling and numbers called that appeared on the DNC list, although Defendant did not propose any specific parameters regarding that sampling. The parties calendared July 24 as the deadline for supplemental responses. The July 24 deadline passed without the promised production.

On August 3, 2026, Defendant stated that it had finally received the relevant records and was preparing them for production. On August 11, 2026, Defendant produced some call records, stating that they were the outbound call records Defendant maintains in the ordinary course of business. Defendant further stated that it does not maintain records of "telemarketing" calls as such and did not concede that any particular calls in the production were telemarketing calls.

Plaintiff promptly identified deficiencies in the production. On August 11, 2026, Plaintiff explained that the production was not usable for expert analysis because the records were provided in PDF format rather than .xls, .csv, .txt,

or native, and clarified that Plaintiff had never agreed to limit discovery to a sampling.

The dispute remains unresolved into September, as the parties continue to dispute the scope of the production. Defendant ultimately provided its position for inclusion in the Joint Discovery Dispute Statement on September 21, 2026. Plaintiff then updated the Joint Stipulation to reflect the developments that occurred post-May 6, 2026—when Plaintiff first sent Defendant the Joint Stipulation.

**MEET AND CONFER CERTIFICATION PURSUANT TO LR 37-1**

As detailed above, this Joint Stipulation follows exhaustive meet-and-confer efforts and Defendant's continuing failure to produce the discovery it agreed to provide. Plaintiff initiated the Rule 37 meet and confer process by email correspondence on May 6, 2026 by requesting a conference and providing a draft Joint Stipulation, outlining Plaintiff's position. The Parties conducted a telephonic meet and confer on June 11, 2026, and an videoconference meet and confer on July 9, 2026. With respect to the results of that meet and confer on the request at issue, the Parties raise the following discovery dispute.

**ISSUE 1: Records of defendant's telemarketing calls are relevant and necessary to discovery and should be produced.**

**PLAINTIFF'S POSITION**

Request for Production No. 1 from Plaintiff's Second Set of Discover seeks from Defendant:

> Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors during the putative class period;
>
> a) the date and time;
> b) the caller ID;
> c) any recorded message used;
> d) the result;
> e) identifying information for the recipient; and
> f) any other information stored by the call detail records.

These documents are referred to as "Call Records." The Call Records Plaintiff seeks go to the heart of this matter, as in order to prove his and the Class claims, the Plaintiff must demonstrate that Defendant placed more than one telemarketing call within a 12-month period to telephone numbers that had been listed on the National Do-Not-Call Registry for at least 31 days. These records will establish which numbers were called, when the calls occurred, the frequency of those calls, the identity of the caller, and the nature of the messages used. They can then be cross-referenced with National Do-Not-Call Registry data and Defendant's consent records, if any, to determine whether any lawful basis existed for those calls. As this is a class action, such information is relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 with respect to the claims and class definition and the calculation of class-wide damages, and to Defendant's affirmative defenses.

As an initial matter, where defendants contest elements of Rule 23 in proposed class actions under the TCPA, courts routinely require the production of information necessary to support those requirements. *See, e.g.*, *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPCMDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) ("RFPs 10-13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (compelling the production of call data because "the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The

requested list would also be relevant to Plaintiff's need to show numerosity.") (cleaned up).

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017). *See also Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here).

Not surprising, then, is that courts across the country, including in this circuit, routinely compel TCPA class action defendants to provide analogous information relevant to the sizes of proposed classes. As one court summarized when granting a motion to compel for the calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or his expert, will determine which calls contain criteria which qualify them for membership in the class in order to prepare this case for class certification. Because the sought-after Call Records are plainly relevant to contested elements of Rule 23, including numerosity, this Court should compel their production.

The Court should compel the Defendant to produce all the calling records in its possession or control, both with respect to the Class and the Plaintiff. For months, Plaintiff worked in good faith to avoid Court intervention, agreed to Defendant's request to defer consent-related materials until after the call records were produced,

and relied on Defendant's repeated representations that these records would be obtained from its vendors and produced. Despite Defendant's express agreement to produce the data in the parties' conference on January 26, 2026, Defendant's production is still incomplete. Defendant's failure to honor its commitments has left Plaintiff with no alternative but to seek the Court's intervention to obtain the core evidence in this case. Given Defendant's repeated delays and the central importance of these records to Plaintiff's claims and class-certification analysis, Plaintiff respectfully requests that the Court order Defendant to produce all documents responsive to Request for Production No. 1 by a date certain.

## DEFENDANT'S POSITION

Defendant DHTLA Motors, LLC d/b/a Hyundai of Downtown LA ("Defendant") does not place telemarketing calls to consumers as that term is defined under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations. Accordingly, Defendant disputes Plaintiff's characterization of the requested call records as "telemarketing call" records. Defendant has established and implemented, with due care, reasonable practices and procedures designed to effectively prevent telephone solicitations in violation of the TCPA's regulations. Because Defendant does not engage in telemarketing as defined by the statute, any outbound call records it produces should not be construed as evidence of telemarketing activity.

Notwithstanding Defendant's position that the requested call records are irrelevant to Plaintiff's claims-- precisely because Defendant does not place telemarketing calls-- Defendant has not refused to produce outbound call records. Defendant is currently working with its calling vendor to obtain additional call records that exist for two years prior to the call records already produced and that are maintained in the ordinary course of business. Defendant does not object to producing such records and is making diligent efforts to obtain them from its third-party vendor. Defendant notes, however, that the process of obtaining records from

third-party vendors is not entirely within Defendant's control and has required additional time.

Indeed, Defendant has already produced all outbound call records, obtained from its third-party calling vendor, in its possession from January 2025 through July 2026. This production was made consistent with the agreement reached during the Parties' meet and confer on July 9, 2026, at which the Parties agreed that a "sample" of call records would be produced. Defendant made this production voluntarily and in good faith, without conceding that any of the produced records constitute telemarketing calls or are otherwise relevant to Plaintiff's claims.

To be clear, Defendant contests the relevance of the call records on the ground that it does not place telemarketing calls as defined by the TCPA. Still, Defendant has nonetheless agreed to produce outbound call records for the relevant time period that it maintains in the ordinary course of business. Any such production is made without waiver of Defendant's objections and without any concession that the records reflect telemarketing activity. Defendant reserves all rights to challenge the relevance and admissibility of any produced records and to assert all applicable affirmative defenses, including that Defendant has established and implemented reasonable practices and procedures to prevent any telephone solicitations that would violate the TCPA's regulations.

Further, the Parties have jointly agreed to extend the discovery cutoff period by ninety (90) days from the current deadline, which the Court approved on September 16, 2026.

*[Counsel signatures follow on next page.]*

Date: September 28, 2026

Respectfully Submitted,

*/s/Carly Roman*

Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*/s/ Dana J. Oliver, Esq.*

CA Bar. No. 291082
**OLIVER LAW CENTER, INC.**
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: 855-384-3262
Facsimile: 888-570-2021

*/s/ Anthony I. Paronich*

Anthony I. Paronich (*pro hac vice forthcoming*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: 617-738-7080
Facsimile: 617-830-0327

*Counsel for Plaintiff and the Putative Class*

Date: September 28, 2026

Respectfully Submitted,

*/s/Andrea M. Gumushian*

Gary D. Brophy
Andrea M. Gumushian
Adjoa M. Anim-Appiah
**ARENT FOX LLC**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: (213) 629-7400
Facsimile: 213-629-7401
gary.brophy@afslaw.com
andrea.gumushian@afslaw.com

**ATTESTATION**

The undersigned counsel of record for Plaintiff attests that all signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing in compliance with Local Rule that pursuant to Local Rule 5-4.3.4(a)(2)(i).

Date: September 28, 2026

*/s/ Carly Roman*

Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I, Carly Roman, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

Date: September 28, 2026

*/s/ Carly Roman*

Carly Roman
CA Bar. No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Counsel for Plaintiff and the Putative Class*