Carly Roman, SBN #349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

(*Additional Counsel Listed on Signature Page*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| WYATT BULS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DHTLA MOTORS, LLC, *doing business as:* HYUNDAI OF DOWNTOWN LA,<br><br>Defendant. | No. 2:25-cv-03128-DSF-AS<br><br>Hon. Magistrate Judge Alka Sagar<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFF'S MOTION TO COMPEL CALLING DATA PURSUANT TO LR 37-2**<br><br>Date: Thursday, November 5, 2026<br>Time: 10:00 A.M. Pacific Time<br>Location: Courtroom 540<br>Discovery Cutoff: December 15, 2026<br>Pretrial Conference: March 29, 2027<br>Trial: April 20, 2027 |

## I. INTRODUCTION

Plaintiff's Request for Production No. 1 seeks all records containing specified call-detail information for each outbound telemarketing call placed by Defendant or its vendors during the four-year putative class period, which began on April 10, 2021, continuing through trial. This ordinary calling data is necessary to identify the numbers Defendant called, determine the frequency and timing of those calls, and evaluate whether the calls satisfy the proposed class criteria.

## II. DEFENDANT'S PRODUCTION REMAINS INCOMPLETE

On September 28, 2026, the Parties filed the Joint Stipulation Re: Plaintiff's Motion to Compel Calling Data Pursuant to LR 37-2. ECF No. 37. Defendant claims that it has "agreed to produce outbound call records for the relevant time period that it maintains in the ordinary course of business." *Id.* at 9. Notwithstanding its purported agreement, Defendant has not produced "outbound call records for the relevant time period" to date.

On August 11, 2026, Defendant produced outbound call records from January 2025 to July 2026. On October 12, 2026, Defendant's counsel reported adding files for outbound calls from May 6, 2023 through March 31, 2024. On October 15, 2026, Plaintiff's counsel acknowledged receipt and asked Defendant to identify any documents responsive to the disputed discovery requests that remained withheld. Defendant did not respond, so it is unclear whether Defendant believes its production to be complete. It is not.

The identified productions do not cover the full requested period. Based on the date ranges produced, Defendant has produced approximately 22 months of records, leaving substantial gaps in the requested period. Specifically, Defendant has not identified calling records for the period running from April 10, 2021, through May 5, 2023, or for the period running from April 1, 2024, through December 31,

2024. These gaps leave approximately 34 months of the requested period unaccounted for, apart from any additional records that may remain outstanding after July 2026. Because Defendant continues to promise but fails to produce, Plaintiff respectfully requests that the Court set a final deadline for complete production.

## III. THE CALLING RECORDS ARE RELEVANT TO THE CLAIMS AND CLASS CERTIFICATION

Federal Rule of Civil Procedure 26(b)(1) permits discovery of nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Courts have repeatedly recognized that outbound calling records are relevant and discoverable in TCPA class actions because they help identify potential class members and evaluate Rule 23's requirements.

Call logs and dialing lists are "relevant to [the] commonality" prong of the class certification inquiry. *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 U.S. Dist. LEXIS 11091, at *7 (N.D. Cal. Jan. 29, 2014). And the requested lists are also relevant to numerosity. For example, in *Cahill v. GC Services Limited Partnership*, the court explained that call lists are relevant to numerosity and commonality because they can identify the number of recipients and whether joinder is impracticable, as well as whether recipients suffered the same injury or share common questions. No. 3:17-cv-01308-GPC-MDD, 2018 U.S. Dist. LEXIS 63918, at *13-14 (S.D. Cal. Apr. 16, 2018) (collecting cases).

Other courts have likewise recognized the relevance of call logs and dialing lists to numerosity and/or commonality in run-of-the-mill TCPA cases. *Mbazomo v. ETourandTravel, Inc.,* No. 2:16-CV-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *14-15 (E.D. Cal. May 30, 2017); *Doherty v. Comenity Capital Bank & Comenity Bank,* No. 16CV1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, at *9-10 (S.D. Cal. May 9, 2017); *Thrasher v. CMRE Financial Services,* Inc., No. 14-cv-1540, 2015

U.S. Dist. LEXIS 34965, at *4 (S.D. Cal. Mar. 13, 2015) (outbound call list relevant to identifying "the number and recipients of calls" during the class period and to Rule 23); *Gaines v. Law Office of Patenaude & Felix, A.P.C.,* No. 13CV1556-JLS DHB, 2014 U.S. Dist. LEXIS 110162, at *5-6 (S.D. Cal. June 12, 2014) (outbound dial list relevant to numerosity and commonality).

The same principle applies here. The requested records will allow Plaintiff and his expert to evaluate the number of recipients, the frequency of calls, and whether recipients' numbers appeared on the National Do Not Call Registry. Those records can be cross-referenced with other evidence, including consent information, to assess whether calls satisfy the proposed class definition and to evaluate the parties' respective positions on liability and class certification.

Defendant's claim that it "does not engage in telemarketing" does not eliminate the relevance of the requested records. ECF No. 37 at 8. The Complaint includes examples of promotional solicitations from Defendant, including a text inviting Plaintiff to schedule a test drive and a voicemail soliciting Plaintiff's interest in purchasing a vehicle. *See* ECF No. 2 ¶¶ 17–24. Plaintiff also expressly asked Defendant to stop sending texts, calls, and voicemails to his number, and Defendant confirmed the opt-out request, yet Plaintiff continued to receive telephone solicitations. *Id.* ¶¶ 21, 26. Moreover, Defendant continues to represent that it will produce ordinary-course outbound calling data, but has not produced records covering the full requested period. Nor is Plaintiff required to accept a limited sample when Request for Production No. 1 seeks all responsive records, and Plaintiff disputes that the parties agreed to limit production to a sample.[1]

---

[1] Defendant claims that its January 2025 through July 2026 "production was made consistent with the agreement reached during the Parties' meet and confer on July 9, 2026, at which the Parties agreed that a 'sample' of call records would be produced." ECF No. 37 at 9. This mischaracterizes the discussion. During the July 9, 2026 call,

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court order Defendant, by a date certain, to produce all responsive outbound calling records for the full putative class period, including records maintained by its vendors that are within Defendant's possession, custody, or control. The production should include the information identified in Request for Production No. 1 and be provided in a usable electronic format, such as native Excel, CSV, or TXT files.

*[Counsel signatures to file on next page.]*

---

Plaintiff's counsel explained that Defendant should immediately produce whatever records it could obtain rather than continue delaying production, or Plaintiff would move to compel. The parties did not discuss or agree on any parameters for a sample, including its scope or the time period it would cover. And Plaintiff did not agree that a sample would satisfy Request for Production No. 1. Indeed, Plaintiff expressly reiterated on August 13, 2026 that it had never agreed to limit production to a sample and would proceed with its motion to compel.

RESPECTFULLY SUBMITTED this 22nd day of October, 2026.

/s/Carly M. Roman
Carly Roman, SBN #349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*I certify this memorandum does not exceed five (5) pages in compliance with Local Civil Rule 37-2.3.*

Dana J. Oliver, SBN #291082
**OLIVER LAW CENTER, INC.**
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: 855-384-3262
Facsimile: 888-570-2021

Anthony I. Paronich (*pro hac vice*)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: 617-738-7080
Facsimile: 617-830-0327

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I, Carly Roman, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

Date: October 22, 2026

*/s/ Carly Roman*

Carly Roman, SBN #349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com