UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | CV25-03128-DSF (ASx) | Date | October 27, 2026 |
| Title | *Wyatt Buls v. DHTLA Motors. LLC d/b/a/ Hyundai of Downtown LA* | | |

| | |
|---|---|
| Present: The Honorable | Alka Sagar, United States Magistrate Judge |

| | |
|---|---|
| Alma Felix | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings (In Chambers): ORDER GRANTING MOTION TO COMPEL (DKT. NO. 38)**

On September 28, 2026, the parties filed a joint stipulation ("Joint Stip.") regarding Plaintiff's Motion to Compel Defendant's responses to Plaintiff's Request for Production ("RFP") No. 1 from Plaintiff's second set of discovery. (Dkt. No. 38). On October 22, 2026, Plaintiff filed a supplemental memorandum in support of the motion. (Dkt. No. 39). The Court, having reviewed the parties' submissions, finds this motion appropriate for resolution without a hearing. Fed.R.Civ.P. 78(b); L.R. 7-15. Accordingly, the hearing on November 5, 2026, is VACATED.

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA") based on Defendant's "systematic practice of placing telemarketing calls and sending unsolicited telemarketing texts to telephone numbers listed on the National Do-Not-Call Registry without prior express written consent." (Joint Stip. at 2).[1] Plaintiff claims that despite his personal cellular telephone number being listed on the National Do-Not-Call Registry, he received multiple promotional text messages and voicemail solicitations from Defendant advertising its vehicles and services, even after Plaintiff demanded that all such communications cease, Defendant's acknowledgment of Plaintiff's request and Defendant's agreement to would honor Plaintiff's request. Id.

[1] Citations to the Joint Stipulation and Supplemental Memorandum refer to the page numbers assigned by the Court's Case Management/Electronic Case Filing (CM/ECF) system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | CV25-03128-DSF (ASx) | Date | October 27, 2026 |
| Title | *Wyatt Buls v. DHTLA Motors. LLC d/b/a/ Hyundai of Downtown LA* | | |

At issue is Plaintiff's second set of discovery requests, RFP No. 1, served on Defendant in December 2025, which seeks call detail records for each outbound telemarketing call during the putative class period, specifically, the date and time, caller ID, any recorded message used, the result, identifying information for the recipient, and any other information stored by the call detail records for each outbound telemarketing call. (Id., at 2, 5). Plaintiff contends that despite Defendant's repeated assurances regarding forthcoming production of "outbound call records for the relevant time period that it maintains in the ordinary course of business," Defendant's production is incomplete. (Dkt. No. 39 at 2). Plaintiff claims that Defendant has only produced outbound call records from May 6, 2023 to March 31, 2024, and January 2025 to July 2026, but has not produced any records for the period April 10, 2021 to May 5, 2023, and April 1, 2024 to December 31, 2024. Id. at 2-3. Plaintiff contends that the call detail records are relevant to the numerosity, commonality, typicality and predominance elements of Rule 23, with respect to the claims and class definition, class wide damages and to Defendant's asserted affirmative defenses. (Joint Stip. at 6-8).

Defendant disputes Plaintiff's characterization of the call detail records it seeks as "telemarketing call" records, maintaining that it "does not place telemarketing calls to consumers" and therefore argues that the requested records are not relevant to Plaintiff's claim. (Joint Stip. at 8). Notwithstanding its position, Defendant maintains that it has not refused to produce the requested records, but is in the process of obtaining the records from its third-party vendor which has required additional time. Id. at 8-9. Defendant also claims its production of records from January 2025 to July 2026 was consistent with the parties' agreement regarding the production of a "sample" of call records. However, Plaintiff contends that it did not agree to the production of a "sample" or agree that Defendant's production of records from January 2025 to July 2026 would satisfy RFP No. 1. (Dkt. No. 39 at 4-5 n.1). Plaintiff avers that Defendant mischaracterized its request for Defendant to immediately produce whatever records it could obtain rather than continue delaying production, as a request for, or agreement to accept, a sample production. Id. The Court rejects Defendant's claim regarding the agreement to produce a sample. Defendant has failed to support its position with any evidence of such agreement, or supporting declaration, and its argument is belied by the subsequent production of records from May 6, 2023 to March 31, 2024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| No. | CV25-03128-DSF (ASx) | Date | October 27, 2026 |
| Title | *Wyatt Buls v. DHTLA Motors. LLC d/b/a/ Hyundai of Downtown LA* | | |

Plaintiff points out that courts have repeatedly recognized the relevance of outbound calling records as relevant and discoverable in TCPA class actions because they help identify potential class members and evaluate Rule 23's requirements. (Dkt. No. 38 at 3). The Court agrees. Accordingly, Plaintiff's motion to compel complete production of records responsive to RFP No. 1 is GRANTED.

Defendant is ordered to produce all responsive outbound calling records for the full class period – April 2021 to July 2026 – in its possession, custody and control, including records maintained by Defendant's third-party vendors.

Defendant's production must be in a usable electronic format such as native, Excel, CSV, or TXT files.

Defendant's production must be accompanied by a declaration(s) from the individual(s) involved in the search for responsive documents setting forth the manner in which the search for responsive records was conducted and confirming that (1) all responsive documents in Defendant's possession, custody and control have been produced; (2) Defendant is not in possession of any responsive records in its possession, custody and control; and (3) Defendant is not withholding the production of any responsive documents in its possession, custody, and control.

Defendant's supplemental response to RFP No. 1is due no later than November 17, 2026.

Given the short time frame within which the parties must complete fact discovery, the parties must use the Court's informal discovery dispute resolution procedure to bring any issue regarding compliance with this Order to the Court's attention. See Judge Sagar's Procedures.

**IT IS SO ORDERED.**

cc: Dale S. Fischer
United States District Judge

0 : 00

Initials of Preparer AF